# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Albert Feuerstein

**DEFENDANTS**

North American Publishing Company

(b) County of Residence of First Listed Plaintiff  Bucks
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kevin Console, Esquire
Console Law Offices LLC
1525 Locust Street
9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §12101, et seq. ("ADA") and 29 U.S.C §2601 ("FMLA")
Brief description of cause:
Plaintiff is alleging disability discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   n/a

JUDGE

DOCKET NUMBER

DATE
March 30, 2016

SIGNATURE OF ATTORNEY OF RECORD
Kevin Console, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Albert Feuerstein, Levittown, PA 19056

Address of Defendant: North American Publishing Company, 1500 Spring Garden St., Suite 1200, Phila. PA 19130

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Kevin Console, Esquire _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **March 30, 2016** _____   317235
Attorney-at-Law   Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **March 30, 2016** _____   317235
Kevin Console, Esquire

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Albert Feuerstein | : | CIVIL ACTION |
| | : | |
| v.    Plaintiff, | : | |
| | : | |
| North American Publishing Company | : | NO. |
| Defendant. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| March 30, 2016 | _(signature)_ | Plaintiff, Albert Feuerstein |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 701-2344 | kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

ALBERT FEUERSTEIN
Levittown, PA 19056

       Plaintiff,

       v.

NORTH AMERICAN PUBLISHING
COMPANY
1500 Spring Garden Street,
Suite 1200
Philadelphia, PA 19130

       Defendant.

CIVIL ACTION NO.

JURY TRIAL DEMANDED

## COMPLAINT

## I.    INTRODUCTION

Plaintiff, Albert Feuerstein, brings this action against his former employer, North American Publishing Company ("Defendant"), for terminating Plaintiff's employment in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff seeks all damages, including economic loss, compensatory and punitive damages, attorneys' fees, and all other relief this Court deems appropriate under applicable federal and state law.

## II.    **PARTIES**

1.    Plaintiff, Albert Feuerstein, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Levittown, PA.

2.    At all relevant times, Plaintiff had a "disability" and/or a record of a "disability" and/or was regarded as "disabled" by Defendant, as defined by and within the meaning of the statutes which form the basis of this matter.

3.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

4.    Defendant maintains a place of business located at 1500 Spring Garden Street, Suite 1200, Philadelphia, PA 19130 (the "Spring Garden location").

5.    At all relevant times, Plaintiff was employed at Defendant's Spring Garden location.

6.    At all relevant times, Defendant employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplace.

7.    At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.    At all relevant times, Defendant was an employer as defined by and within the meaning of the statutes which form the basis of this matter.

9.    At all relevant times, Plaintiff was an employee of Defendant as defined by and within the meaning of the statutes which form the basis of this matter.

III.    **JURISDICTION AND VENUE**

10.    The causes of action which form the basis of this matter arise under the ADA, the FMLA and the PHRA.

11.    This Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1331.

12.    This Court has jurisdiction over Count II (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

13.    This Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

14.    Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District and Defendant resides within this District.

15.    On or about October 14, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

16.    On or about March 3, 2015, Plaintiff filed an Amended Charge of Discrimination with the EEOC, complaining of acts of discrimination alleged herein. This Charge was cross-filed with the PHRC. Attached hereto and incorporated herein as Exhibit "2" is a true and correct copy of the EEOC Amended Charge of Discrimination (with personal identifying information redacted).

17.     On or about January 4, 2016, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's EEOC Charge. Attached hereto as Exhibit "3" is a true and correct copy of that Notice.

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

19.     In or around October of 2005, Plaintiff was hired by Defendant.

20.     Plaintiff initially held the position of Graphic Designer.

21.     In or around 2007, Plaintiff was promoted to Group Art Director.

22.     In 2008, Plaintiff's right leg was amputated below the knee.

23.     As of in or around August of 2010, Plaintiff began reporting to Julie Lamond, Art Department Manager.

24.     Ms. Lamond reported to four (4) Publishers.

25.     At the time of his termination, Plaintiff was one of three (3) Group Art Directors reporting directly to Ms. Lamond.

26.     Upon information and belief, the other individuals named in this Complaint do not suffer from a "disability" and/or do not have a record of a "disability" and/or are not regarded as being "disabled," as defined by and within the meaning of the statutes which form the basis of this matter.

27.     On or about March 21, 2014, Plaintiff suffered an injury, which caused him to be hospitalized and undergo multiple surgeries. Plaintiff required a new prosthesis and rehabilitation.

28.     As a result of the injury in March of 2014, Plaintiff initiated an FMLA-

approved medical leave of absence.

29.　　On or about June 23, 2014, Plaintiff exhausted his twelve (12) weeks FMLA-approved leave.

30.　　On or about June 24, 2014, Plaintiff received a telephone call from Jeanne Scully, Vice President of Human Resources, during which Ms. Scully asked if Plaintiff was able to return to work. At the time, Plaintiff was still waiting on a new prosthesis and would also need further rehabilitation in order to learn to walk properly with the new prosthesis. Plaintiff indicated that he was not able to return to work yet, but that he was recovering and it was expected that he would be able to return to work in early July of 2014, barring any unforeseen problems.

31.　　On July 1, 2014 Ms. Scully sent an e-mail to Plaintiff, indicating that he was required to return to work at home by July 9, 2014, and was required to return to work in the office by July 24, 2014.

32.　　On July 8, 2014, Plaintiff sent an e-mail to Ms. Scully, in which Plaintiff stated that: the delivery date of his new prosthesis was delayed; as a result, the rehab facility postponed his release date to July 15, 2014; and thus, he would not be able to return to work by Defendant's deadline of July 9, 2014.

33.　　In his July 8, 2014 e-mail, Plaintiff requested a reasonable accommodation in the form of a return to work at home date of July 31, 2014 and a return to work in the office date of August 18, 2014.

34.　　On July 9, 2014, Ms. Scully sent an e-mail response to Plaintiff's request, informing Plaintiff that: his request was denied; his employment was terminated, effective immediately; his last day of health insurance would be July 31, 2014; and his

personal belongings would be mailed to him.

35.     Later that same day, on July 9, 2014, Plaintiff sent an e-mail to Ms. Scully, informing her that he would return to work from home as soon as possible. Specifically, Plaintiff stated that he could return to work from home as early as July 18, 2014, which would have been just nine (9) days after Ms. Scully's unilaterally-created return to work from home deadline and six (6) days before Defendant's return to work from the office deadline.

36.     On July 10, 2014, Ms. Scully informed employees of Defendant that Plaintiff would not be returning to work and that Defendant would be looking for a replacement.

37.     On July 14, 2014, Ms. Scully then responded to Plaintiff's July 9, 2014 e-mail, informing Plaintiff that the decision to terminate him was final and that no further compensation was due to him.

38.     Defendant, without legitimate explanation or basis, failed to provide Plaintiff with a reasonable accommodation in the form of a brief extension of Plaintiff's medical leave of absence.

39.     Providing Plaintiff with a brief extension of his medical leave would not have imposed an undue burden on Defendant.

40.     Defendant, without legitimate explanation or basis, failed to provide Plaintiff with a reasonable accommodation in the form of allowing Plaintiff to work from home for a short period of time.

41.     The essential duties of Plaintiff's job can be performed from home without creating an undue burden on Defendant.

42.    In the past, Plaintiff had been allowed to perform his Group Art Director duties from home for continuous periods of time, and Defendant has allowed other non-"disabled" employees and/or employees who had not taken an FMLA leave with similar job duties to work from home permanently and/or for extended periods of time.

43.    Defendant's stated reasons for terminating Plaintiff – that Plaintiff's request for an accommodation was not reasonable and that it "did not believe" that Plaintiff would be able to return to work by the dates that Plaintiff set forth – are false, pretextual and/or plainly discriminatory.

44.    Defendant failed to engage in an interactive process in connection with Plaintiff's "disability" and his request for a reasonable accommodation. Instead of engaging in an interactive process, Defendant abruptly terminated the dialogue, along with Plaintiff's employment, following Plaintiff's inability to meet Defendant's unilaterally-created return to work deadline.

45.    On August 11, 2014, Plaintiff sent an e-mail to Ms. Scully, reminding Ms. Scully that he was "up and running from home and completely capable of working," and further stated, "[p]lease let me know if there are any job openings at [Defendant] that would fit my qualifications."

46.    As of when Plaintiff sent that e-mail on August 11, 2014, Defendant had a listing on its website for an open job position, which was substantially similar to Plaintiff's job at Defendant, and for which Plaintiff was qualified.

47.    Ms. Scully did not respond to Plaintiff's August 11, 2014 e-mail inquiring about open positions at Defendant.

48.    Shortly after Plaintiff's August 11, 2014 inquiry to Ms. Scully, the open job

position was removed from Defendant's website.

49.     On August 18, 2014, Plaintiff sent another e-mail to Ms. Scully, following up on his August 11, 2014 inquiry regarding open positions at Defendant for which he was qualified.

50.     On August 26, 2014, Ms. Scully sent Plaintiff an e-mail, in which she informed Plaintiff that "[w]e do not have an art/design position posted."

51.     Defendant failed to explain why the job posting, which was substantially similar to Plaintiff's position at Defendant, had been taken down shortly after Plaintiff inquired about it.

52.     Ms. Scully suggested that Plaintiff contact Robert Gibbons, Senior Vice President, if he was interested in any part-time freelance work.

53.     On August 28, 2014, Plaintiff sent an e-mail to Mr. Gibbons, expressing his interest in part-time freelance work.

54.     On September 1, 2014, Mr. Gibbons sent an e-mail to Plaintiff, ultimately informing Plaintiff that Defendant decided to hire someone else for the freelance work.

55.     Following Plaintiff's July 9, 2014 termination, Defendant failed to offer Plaintiff an open position at Defendant for which he was qualified, despite Plaintiff's multiple inquiries regarding the same.

56.     Plaintiff's "disability," including his record of "disability" and Defendant regarding him as having a "disability," was a motivating and determinative factor in Defendant's decision to terminate Plaintiff and its failure to hire Plaintiff into an open position for which he was qualified.

57.     Plaintiff's taking of an FMLA leave was considered as a negative factor,

and was a motivating and determinative factor in Defendant's decision to terminate Plaintiff and its failure to hire Plaintiff into an open position for which he was qualified.

58.    Defendant treated non-"disabled" employees and/or employees who had not taken FMLA leave more favorably than it treated Plaintiff.

59.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

60.    Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

61.    The conduct of Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

## COUNT I - ADA

62.    Plaintiff incorporates by reference paragraphs 1 through 61 of this Complaint as if fully set forth in their entirety.

63.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADA.

64.    Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

65.    As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

66.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

67.     No previous application has been made for the relief requested herein.

## COUNTI II – FMLA

68.     Plaintiff incorporates by reference paragraphs 1 through 67 of this Complaint as if fully set forth in their entirety.

69.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the FMLA.

70.     As a result of Defendant retaliating against Plaintiff for exercising his rights to take leave, Defendant denied Plaintiff his rights under the FMLA.

71.     Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA, and warrant the imposition of liquidated damages.

72.     As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

73.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless this Court grants the relief requested herein.

74.     No previous application has been made for the relief requested herein.

## COUNT III - PHRA

75.     Plaintiff incorporates by reference paragraphs 1 through 74 of this
Complaint as if fully set forth in their entirety.

76.     By committing the foregoing acts of discrimination against Plaintiff,
Defendant has violated the PHRA.

77.     Said violations were intentional and willful.

78.     As a direct and proximate result of Defendant's violation of the PHRA,
Plaintiff has sustained the injuries, damages and losses set forth herein and has
incurred attorneys' fees and costs.

79.     Plaintiff is now suffering and will continue to suffer irreparable injury and
monetary damages as a result of Defendant's discriminatory acts unless this Court
grants the relief requested herein.

80.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in
connection with Defendant's improper conduct, and specifically prays that the Court
grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in
violation of the ADA;

(b)     declaring the acts and practices complained of herein to be in
violation of the FMLA;

(c)     declaring the acts and practices complained of herein to be in
violation of the PHRA;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h)     awarding punitive damages to Plaintiff;

(i)     awarding liquidated damages to Plaintiff;

(j)     awarding Plaintiff such other damages as are appropriate under the ADA, the FMLA and the PHRA;

(k)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(l)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Dated: March 30, 2016          **CONSOLE LAW OFFICES LLC**

By: _____

Kevin Console, Esquire
Attorney ID No. 317235
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Telephone: (215) 545-7676
Facsimile: (215) 701-2344

Attorney for Plaintiff,
Albert Feuerstein

EXHIBIT "1"

<table>
<tr><td colspan="2"><strong>CHARGE OF DISCRIMINATION</strong><br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form.</td><td>AGENCY<br>FEPA<br>_<br><strong>X</strong>   EEOC</td><td>CHARGE NUMBER</td></tr>
</table>

| STATE OR LOCAL AGENCY: __PHRC__ | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>**Mr. Albert Feuerstein** | TELEPHONE NUMBER *(Include Area Code)*<br>████████████ |
|---|---|

| STREET ADDRESS<br>████████████ | CITY, STATE AND ZIP<br>Levittown, PA 19056 | DATE OF BIRTH<br>██████████ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br><br>North American Publishing Company | NUMBER OF EMPLOYEES, MEMBERS<br>**>75** | TELEPHONE (Include Area Code)<br>(215) 238-5300 |
|---|---|---|

| STREET ADDRESS<br>1500 Spring Garden Street, Ste 1200 | CITY, STATE AND ZIP<br>Philadelphia, PA 19130 | COUNTY<br>Philadelphia County |
|---|---|---|

<table>
<tr><td>CAUSE OF DISCRIMINATION <em>(Check appropriate box(es))</em><br>_ Race    _ Color    _ Sex    _ National Origin<br>__ Retaliation    _ Age    <strong>X</strong> Disability    _ Other <em>(Specify)</em></td><td>DATE DISCRIMINATION TOOK PLACE<br><br><em>Earliest</em>        <em>Latest</em>   9/2014</td></tr>
</table>

## The Particulars Are:

A.    1.      Relevant Work History

In October of 2005[1], I was hired by North American Publishing Company ("Respondent") as an Art Director. At the time of my termination, I reported to Julie Lamond, Art Department Manager, and Ms. Lamond reported to four (4) Publishers. To my knowledge, neither Ms. Lamond, nor any of the Publishers suffer from a "disability."

At all times, I performed my duties in a competent manner.

2.      Harm Summary

I believe that Respondent has discriminated against me based upon my "disability." Evidence of discriminatory conduct includes, but is not limited to, the following:

(a)      In 2008, my right leg was amputated below the knee, as a result of a diabetic infection.

(b)      In March of 2014, I suffered injuries due to a fall at home, which required multiple surgeries, a new prosthesis and rehabilitation at a medical facility. As a result, in March of 2014, I initiated a medical leave of absence.

(c)      On June 23, 2014, I received a telephone call from Jeanne Scully (non-"disabled" to my

---

[1] All dates contained herein are approximations.

1

RECEIVED
EEOC PHILADELPHIA DISTRICT OFFICE
2014 OCT 14 AM 11: 21

knowledge), Vice President of Human Resources, in which Ms. Scully asked if I was able to return to work. I indicated that I was not able to return to work yet, but that I was recovering and it was expected that I would be able to return to work in early July, barring any unforeseen problems.

(d) On or around June 24, 2014, I exhausted my twelve (12) weeks of FMLA leave entitlement.

(e) On July 1, 2014, Ms. Scully sent me an e-mail indicating that I needed to return to work at home by July 9, 2014, and that I needed to return to work in the office by July 24, 2014. Respondent did not discuss these dates with me prior to informing me of these deadlines.

(f) The essential duties of my job can be performed from home without creating an undue burden on Respondent. I have worked successfully from home in the past, have been instructed by Respondent to work from home in the past, and Respondent has allowed other employees with substantially similar job duties to work from home for extended periods of time.

(g) On July 8, 2014, I sent an e-mail to Ms. Scully, in which I stated, among other things, that: the delivery date of my new prosthesis was delayed; as a result, the rehab facility postponed my release date to July 15, 2014; and thus, I would not be able to return to work by her deadline of July 9, 2014. I requested a reasonable accommodation of a return to work at home date of July 31, 2014 and a return to work at the office date of August 18, 2014.

(h) On July 9, 2014, Ms. Scully sent me an e-mail in response to my July 8, 2014 e-mail, in which she stated, among other things, that: Respondent was not able to revise the back to work deadlines; my last day of employment was July 9, 2014; my last day of health insurance coverage was to be July 31, 2014; and that she would send my personal belongings to me.

(i) Later that same day, on July 9, 2014, I sent an e-mail to Ms. Scully in which I told her, among other things, that I was "surprised by [her] decision since my proposal was only a few additional weeks past [her] deadline." I reiterated that my release from the rehab facility was July 15, 2014, and stated that "[i]f this matter is still up for discussion, I will start working from home as soon as possible after returning home…Approximately on the 18-19th."

(j) On July 10, 2014, Ms. Lamond sent an e-mail to employees of Respondent indicating that I would not be returning to work and that Respondent would be hiring someone to replace me.

(k) On July 14, 2014, Ms. Scully responded to my July 9, 2014 e-mail. She stated, among other things, that "the decision [to terminate your employment] is final with no further compensation due to you."

(l) On August 11, 2014, I sent an e-mail to Ms. Scully, in which I stated that I "wanted to send a reminder that I am up and running from home and completely capable of working. Please let me know if there are any job openings at Napco that would fit my qualifications." When I sent this email, Respondent's website indicated that there was an opening for an Art Design position, for which I am qualified.

2

RECEIVED 2014 OCT 14 AM 11: 21 EEOC PHILADELPHIA DISTRICT OFFICE

(m)    As of August 18, 2014, following my inquiry into the open position, the Art Design position which had been posted on Respondent's website was removed. I still had not received a response from Ms. Scully to my August 11, 2014 e-mail. I sent a follow-up e-mail on August 18, 2014 to Ms. Scully in which I asked if I could submit an application for open positions to Respondent.

(n)    On August 26, 2014, Ms. Scully sent me an email which stated, among other things, that the Art Design position was no longer available and that other positions at Respondent would not be available until 2015, or later. Ms. Scully stated that if I was interested in freelance work, I should contact Bob Gibbons (non-"disabled" to my knowledge), Senior Vice President.

(o)    On August 28, 2014, I sent an e-mail to Mr. Gibbons indicating that I was interested in freelance work. On August 29, I sent a follow-up e-mail to Mr. Gibbons.

(p)    On September 2, 2014, Mr. Gibbons sent me an e-mail, which stated, among other things, that Respondent was not offering me any freelance work.

(q)    I still have not received any offer of employment or freelance work from Respondent following Respondent's termination of my employment on July 9, 2014.

(r)    I requested a reasonable accommodation, due to my disability, in the form of a reasonable extension of my medical leave, until July 31, 2014. This reasonable accommodation would not have imposed an undue hardship on Respondent, and Respondent has not claimed that it would. Respondent, without explanation, denied my request for a reasonable accommodation and failed to engage in an interactive process regarding my request for the same. In addition, Respondent, without explanation, denied my subsequent reasonable request, in which I was willing to return to work at home as early as August 18, 2014, nine (9) days after Respondent's unilaterally-created return to work from home deadline. After nearly ten (10) years of dedicated service with Respondent, Respondent denied my reasonable request for nine (9) additional days of medical leave and terminated me because of my disability.

B.    Respondent's Stated Reasons

(a)    Respondent has not provided any legitimate explanation for failing to grant my reasonable request for an accommodation as a result of my disability.

(b)    Respondent has not provided any legitimate explanation for failing to engage in an interactive process with respect to my reasonable request for an accommodation.

(c)    Respondent's stated reason for my termination, which is that I was unable to return to work by its July 9, 2014 deadline, is false and is a pretext for "disability" discrimination.

(d)    Respondent has not provided any legitimate explanation for failing to hire me in any capacity for positions that I was qualified for once I was able to return to work.

C.    Statutes and Basis for Allegations

RECEIVED 14 OCT 14 AM 11: 21 U.S. DISTRICT COURT PHILADELPHIA DISTRICT OFFICE

I believe that Respondent has discriminated against me based upon my "disability" in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

| | |
|---|---|
| **X** I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY (when necessary for State and Local Requirements) I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, Month, and year) |
| Date: 10·10·2014  Charging Party *(Signature)* | |

RECEIVED
14 OCT 14 AM 11:21
EEOC PHILADELPHIA
DISTRICT OFFICE

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Albert Feuerstein v. North American Publishing Company**

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations
Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC
protects your state rights, especially since there may be circumstances in which state and federal laws
and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are
unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be
dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with
your signature under the verification below, will constitute filing with the PHRC. You have chosen
EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept
EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to
file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,
the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is
required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file
your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into
the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to
PHRC.

__X__ *I understand that false statements in this complaint are made subject to the penalties of 18*
*Pa.C.S. §4904, relating to unsworn falsification to authorities.*

        X _____
            Signature and Date

                                       10.10.2014

_____ I do not want my charge dual filed with PHRC.

            Signature and Date

EXHIBIT "2"

| **AMENDED CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>_ FEPA<br>X_ EEOC | CHARGE NUMBER<br>530-2015-01319 |
| --- | --- | --- |

STATE OR LOCAL AGENCY: ___PHRC___

| NAME (Indicate Mr., Ms., Mrs.)<br>**Mr. Albert Feuerstein** | TELEPHONE NUMBER *(Include Area Code)* | |
| --- | --- | --- |
| STREET ADDRESS | CITY, STATE AND ZIP<br>Levittown, PA 19056 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br><br>North American Publishing Company | NUMBER OF EMPLOYEES, MEMBERS<br>>75 | TELEPHONE *(Include Area Code)*<br>(215) 238-5300 |
| --- | --- | --- |
| STREET ADDRESS<br>1500 Spring Garden Street, Ste 1200 | CITY, STATE AND ZIP<br>Philadelphia, PA 19130 | COUNTY<br>Philadelphia County |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>_ Race  _ Color  _ Sex  _ National Origin<br>__ Retaliation  __ Age  _X_ Disability  _ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  9/2014 |
| --- | --- |

### The Particulars Are:

A.   1.   Relevant Work History

In October of 2005[1], I was hired by North American Publishing Company ("Respondent") as an Art Director. At the time of my termination, I reported to Julie Lamond, Art Department Manager, and Ms. Lamond reported to four (4) Publishers. To my knowledge, neither Ms. Lamond, nor any of the Publishers suffer from a "disability."

At all times, I performed my duties in a competent manner.

   2.   Harm Summary

I believe that Respondent has discriminated against me based upon my "disability." Evidence of discriminatory conduct includes, but is not limited to, the following:

   (a)   In 2008, my right leg was amputated below the knee, as a result of a diabetic infection.

   (b)   In March of 2014, I suffered injuries due to a fall at home, which required multiple surgeries, a new prosthesis and rehabilitation at a medical facility. As a result, in March of 2014, I initiated a medical leave of absence.

   (c)   On June 23, 2014, I received a telephone call from Jeanne Scully (non-"disabled" to my

---

[1] All dates contained herein are approximations.

1



knowledge), Vice President of Human Resources, in which Ms. Scully asked if I was able to return to work. I indicated that I was not able to return to work yet, but that I was recovering and it was expected that I would be able to return to work in early July, barring any unforeseen problems.

(d)     On or around June 24, 2014, I exhausted my twelve (12) weeks of FMLA leave entitlement.

(e)     On July 1, 2014, Ms. Scully sent me an e-mail indicating that I needed to return to work at home by July 9, 2014, and that I needed to return to work in the office by July 24, 2014. Respondent did not discuss these dates with me prior to informing me of these deadlines.

(f)     The essential duties of my job can be performed from home without creating an undue burden on Respondent. I have worked successfully from home in the past, have been instructed by Respondent to work from home in the past, and Respondent has allowed other employees with substantially similar job duties to work from home for extended periods of time.

(g)     On July 8, 2014, I sent an e-mail to Ms. Scully, in which I stated, among other things, that: the delivery date of my new prosthesis was delayed; as a result, the rehab facility postponed my release date to July 15, 2014; and thus, I would not be able to return to work by her deadline of July 9, 2014. I requested a reasonable accommodation of a return to work at home date of July 31, 2014 and a return to work at the office date of August 18, 2014.

(h)     On July 9, 2014, Ms. Scully sent me an e-mail in response to my July 8, 2014 e-mail, in which she stated, among other things, that: Respondent was not able to revise the back to work deadlines; my last day of employment was July 9, 2014; my last day of health insurance coverage was to be July 31, 2014; and that she would send my personal belongings to me.

(i)     Later that same day, on July 9, 2014, I sent an e-mail to Ms. Scully in which I told her, among other things, that I was "surprised by [her] decision since my proposal was only a few additional weeks past [her] deadline." I reiterated that my release from the rehab facility was July 15, 2014, and stated that "[i]f this matter is still up for discussion, I will start working from home as soon as possible after returning home…Approximately on the 18-19[th]."

(j)     On July 10, 2014, Ms. Lamond sent an e-mail to employees of Respondent indicating that I would not be returning to work and that Respondent would be hiring someone to replace me.

(k)     On July 14, 2014, Ms. Scully responded to my July 9, 2014 e-mail. She stated, among other things, that "the decision [to terminate your employment] is final with no further compensation due to you."

(l)     On August 11, 2014, I sent an e-mail to Ms. Scully, in which I stated that I "wanted to send a reminder that I am up and running from home and completely capable of working. Please let me know if there are any job openings at Napco that would fit my qualifications." When I sent this email, Respondent's website indicated that there was an opening for an Art Design position, for which I am qualified.

(m)  As of August 18, 2014, following my inquiry into the open position, the Art Design position which had been posted on Respondent's website was removed. I still had not received a response from Ms. Scully to my August 11, 2014 e-mail. I sent a follow-up e-mail on August 18, 2014 to Ms. Scully in which I asked if I could submit an application for open positions to Respondent.

(n)  On August 26, 2014, Ms. Scully sent me an email which stated, among other things, that the Art Design position was no longer available and that other positions at Respondent would not be available until 2015, or later. Ms. Scully stated that if I was interested in freelance work, I should contact Bob Gibbons (non-"disabled" to my knowledge), Senior Vice President.

(o)  On August 28, 2014, I sent an e-mail to Mr. Gibbons indicating that I was interested in freelance work. On August 29, I sent a follow-up e-mail to Mr. Gibbons.

(p)  On September 2, 2014, Mr. Gibbons sent me an e-mail, which stated, among other things, that Respondent was not offering me any freelance work.

(q)  I still have not received any offer of employment or freelance work from Respondent following Respondent's termination of my employment on July 9, 2014.

(r)  I requested a reasonable accommodation, due to my disability, in the form of a reasonable extension of my medical leave, until July 31, 2014. This reasonable accommodation would not have imposed an undue hardship on Respondent, and Respondent has not claimed that it would. Respondent, without explanation, denied my request for a reasonable accommodation and failed to engage in an interactive process regarding my request for the same. In addition, Respondent, without explanation, denied my subsequent reasonable request, in which I was willing to return to work at home as early as **July** 18, 2014, nine (9) days after Respondent's unilaterally-created return to work from home deadline. After nearly ten (10) years of dedicated service with Respondent, Respondent denied my reasonable request for nine (9) additional days of medical leave and terminated me because of my disability.

B.  Respondent's Stated Reasons

(a)  Respondent has not provided any legitimate explanation for failing to grant my reasonable request for an accommodation as a result of my disability.

(b)  Respondent has not provided any legitimate explanation for failing to engage in an interactive process with respect to my reasonable request for an accommodation.

(c)  Respondent's stated reason for my termination, which is that I was unable to return to work by its July 9, 2014 deadline, is false and is a pretext for "disability" discrimination.

(d)  Respondent has not provided any legitimate explanation for failing to hire me in any capacity for positions that I was qualified for once I was able to return to work.

C.  Statutes and Basis for Allegations

I believe that Respondent has discriminated against me based upon my "disability" in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

| | |
|---|---|
| ✓ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | ~~NOTARY - (when necessary for State and Local Requirements)~~<br><br>~~I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief.~~ |
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date: 3. 2. 2015    Charging Party *(Signature)* | ~~SIGNATURE OF COMPLAINANT~~<br><br>~~SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE~~<br>~~(Day Month, and year)~~ |

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Albert Feuerstein v. North American Publishing Company**

EEOC No. _____

   You have the right to file this charge of discrimination with the Pennsylvania Human Relations
Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC
protects your state rights, especially since there may be circumstances in which state and federal laws
and procedures vary in a manner which would affect the outcome of your case.

   Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are
unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be
dismissed.

   If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with
your signature under the verification below, will constitute filing with the PHRC. You have chosen
EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept
EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to
file a request for preliminary hearing with PHRC.

   Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,
the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is
required by either party, unless/until otherwise notified by PHRC.

   If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file
your complaint in state court. PHRC will inform you of these rights and obligations at that time.
   **[Sign and date appropriate request below]**

   _X_  I want my charge filed with PHRC. I hereby incorporate this form and the verification below into
the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to
PHRC.

   _X_  *I understand that false statements in this complaint are made subject to the penalties of 18
Pa.C.S. §4904, relating to unsworn falsification to authorities.*

                    X  _____  3·2·2015
                          Signature and Date

   _____  I do not want my charge dual filed with PHRC

                          _____
                          Signature and Date

EXHIBIT "3"

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Albert Feuerstein

Levittown, PA 19056

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2015-01319 | Legal Unit | (215) 440-2828 |

(See also the additional Information enclosed with this form.)

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Spencer H. Lewis, Jr.,
District Director

1/4/16
(Date Mailed)

Enclosures(s)

cc: Marjorie N. Kaye, Esq.
JACKSON LEWIS
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102

Kevin Console, Esq.
CONSOLE LAW OFFICES, LLC
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102